NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARJINDER SINGH,<br><br>                              Petitioner,<br><br>  v.<br><br>JEFF B. SESSIONS, Attorney General,<br><br>                              Respondent. | No.    14-71364<br><br>Agency No. A201-009-777<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2017[**]
San Francisco, California

Before:  CANBY, SILER[***], and HURWITZ, Circuit Judges.

Harjinder Singh petitions for review of an order of the Board of Immigration

Appeals' ("Board") dismissing his appeal from an Immigration Judge's ("IJ")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

decision denying his applications for asylum, withholding of removal, and protection under Article III of the Convention Against Torture ("CAT"). For the reasons stated below, we deny the petition.

1. The Board relied upon the IJ's adverse credibility determination in upholding the denial of Singh's applications for asylum and withholding of removal. This court reviews that determination under the "deferential substantial evidence standard," upholding the adverse credibility finding "unless the evidence *compels* a contrary result." *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). The IJ noted, and the Board incorporated, numerous instances of non-responsive behavior and suspect demeanor supported by substantial evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1045 (9th Cir. 2010) ("The agency is not required to provide a pinpoint citation to the record, but rather to identify particular *instances* in the record where the petitioner was unresponsive.") (citation omitted); *Sarvia-Quintanilla v. I.N.S.,* 767 F.2d 1387, 1395 (9th Cir. 1985) ("An immigration judge alone is in a position to observe an alien's tone and demeanor . . . The court of appeals should be far less confident of their ability to make such important, but often subtle, determinations."). Substantial evidence also supports the IJ's finding, and the Board's incorporation, of inconsistent answers in Singh's testimony. *See, e.g., Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014) (stating that "an omission may form the basis for an adverse credibility finding").

2

2. The determination by the IJ and the Board that Singh failed to establish that he filed his application for asylum within one year of his arrival in the United States is supported by substantial evidence. 8 U.S.C. § 1158(a)(2)(B). The loan note and receipt from India did not provide "clear and convincing evidence" of Singh's date, manner, and time of entry into the United States within the one-year time frame. *See id.* To the extent that the Board's untimeliness decision is based on an adverse credibility determination, we have no jurisdiction to review it. *See, e.g., Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam) (noting that section 106 of the Real ID Act only modified 8 U.S.C. § 1158(a)(3) to restore jurisdiction over constitutional claims or questions of law); *see also Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (finding that credibility determinations are findings of fact).

3. We lack jurisdiction to review denial of Singh's request for protection under CAT because Singh failed to "exhaust[] all administrative remedies available." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (quoting 8 U.S.C. § 1252(d)(1)). Before the Board, Singh made only two passing references to the IJ's decision to deny his request for protection under CAT. These general challenges to the IJ's decision are insufficient to constitute exhaustion. *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

3